SMALL'S, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ABELSON REALTY COMPANY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ABELSON'S, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53791, 53792, 53793. Promulgated November 9, 1931.

*A. E. James, Esq.*, for the petitioners.
*F. B. Schlosser, Esq.*, for the respondent.

OPINION.

SMITH: The respondent has asserted deficiencies in the petitioners' income tax for 1928 in the following amounts:

Abelson's, Incorporated (New Jersey) _____ $373.45
Abelson Realty Company, Incorporated_____ 48.02
Small's, Incorporated (Ohio) _____ 83.25

The several proceedings, involving a single common issue, were consolidated. The material facts as alleged in the amended petition filed in Abelson's, Incorporated (New Jersey), Docket No. 53793, are admitted by the respondent.

For the taxable year 1928, the petitioners, together with Abelson's, Incorporated (New York), Small's, Incorporated (New York), and Bernz, Incorporated (Wisconsin), filed a consolidated return, being affiliated corporations within the purview of section 142 of the Revenue Act of 1928, upon which the respondent computed a net income of $11,840.53. The affiliated companies were assessed and duly paid a tax of $473.15, apportioned among them according to their respective net incomes. All of these corporations, except Abelson's, Incorporated (New Jersey), and Small's, Incorporated (Ohio), which were organized December 31, 1927, were affiliated in 1927 and filed a consolidated return for that year, upon which the respondent computed a net loss of $4,623.36.

The net income or loss of each of the several corporations for 1927 and 1928 was as follows:

| Company | 1927 | | 1928 | |
| --- | --- | --- | --- | --- |
| | Income | Loss | Income | Loss |
| Abelson's, Inc. (New York)_____ | $7,463.21 | | | $1,235.74 |
| Small's, Inc. (New York)_____ | | $10,152.69 | | 3,356.35 |
| Bernz, Inc._____ | | 125.60 | | 1,914.86 |
| Abelson Realty Company, Inc_____ | | 1,808.08 | $1,559.09 | |
| Abelson's, Inc. (New Jersey)_____ | | | 13,943.05 | |
| Small's, Inc. (Ohio)_____ | | | 2,845.34 | |
| Consolidated_____ | | 4,623.36 | 11,840.53 | |

In his determination of the deficiencies herein the respondent has allowed, as a deduction from the net income of the Abelson Realty Company for 1928, the amount of $691.63 representing that company's pro rata share of the total net loss sustained by the affiliated group in 1927. He did not allow any deduction for the net losses sustained by Small's, Inc. (New York), and Bernz, Inc. (Wisconsin), since those companies sustained net losses again in 1928.

The only assignment of error appearing in the amended petition filed in Abelson's, Inc. (New Jersey), the parent company, the petition upon which the parties have agreed to submit these proceedings, is that "the Commissioner has denied to petitioner and its affiliated companies the deduction of net losses sustained in the year 1927 in the amounts hereinafter set forth."

A further assignment of error relating to the respondent's denial to the Abelson Realty Company of a deduction for an allowance for exhaustion appears in the original petitions filed by each of the petitioners, but the allegation of error being denied by the respondent in his answers and no evidence in support thereof being adduced, the issue will be considered abandoned.

The net losses for 1927 and 1928, as shown above, represent the excess of the deductions allowed over the gross income. The companies did not receive any dividends or interest free from tax. All of the income received by the companies was derived from the operation of the trade or business regularly carried on by them. No deductions for depletion were made in the computations.

The question of whether the losses sustained in the prior year by the companies having no income in the succeeding year may be carried forward has been decided adversely to the respondent's contention in numerous cases. See *Moore Cotton Mills Co.*, 17 B. T. A. 662; affd., *Commissioner* v. *Moore Cotton Mills Co.*, 49 Fed. (2d) 59; *Alabama By-Products Corporation*, 18 B. T. A. 919; *Ben Ginsberg Co.*, 19 B. T. A. 81; *Buckie Printers' Ink Co.*, 19 B. T. A. 943; *Pittsburgh Gasoline Co.*, 21 B. T. A. 297; *General Box Corporation*, 22 B. T. A. 725; *Arrow Coal & Ice Co.*, 22 B. T. A. 1341. See also *National Slag Co.* v. *Commissioner*, 47 Fed. (2d) 846, where the Circuit Court of Appeals for the Third Circuit reversed the Board in an earlier case already overruled in *Alabama By-Products Corporation, supra;* and *Hoffman* v. *United States*, 52 Fed. (2d) 269.

It is to be noted that a seemingly contrary position has been taken by some of the courts. In *Planters Oil Co.* v. *Hopkins*, 47 Fed. (2d) 659, it was held by the United States District Court for the Northern District of Texas that the prior losses are limited " to the use and benefit of the taxable unit [that is, the individual unit rather than the affiliated unit] which actually made such losses, if and when

there is no excess of a net loss over a net income for the subsequent year." See also *Woolford Realty Co.* v. *Rose*, 44 Fed. (2d) 856, in the United States District Court for the Northern District of Georgia.

We are of the opinion, however, that the rule to which the Board has committed itself in the cases cited above properly applies in the instant proceedings.

We have further held that under the provisions of section 206 (b) of the Revenue Act of 1926, which is identical with section 117 (b) of the 1928 Act, the amount of the net loss to be carried forward in the consolidated return is such portion of the net loss of each company as was not availed of in the prior year by the affiliated group; that the statute does not permit of a double deduction of any portion of the net losses; *Pittsburgh Gasoline Co.*, *supra; Kaiwiki Sugar Co., Ltd.*, 21 B. T. A. 997. The amount of the net loss of 1927 to be carried forward in computing the petitioners' consolidated net income of 1928 is $4,623.36.

The petitioners' tax liability for 1928 should be recomputed accordingly.

*Judgment will be entered under Rule 50.*